IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DIRK WILLIAMSON,**

    **Plaintiff,**

                                            **Civil Action 2:21-cv-3222**
                                            **Judge Sarah D. Morrison**
    **v.**                                      **Magistrate Judge Elizabeth P. Deavers**

**LICKING COUNTY SHERIFF'S OFFICE,**

    **Defendant.**

## OPINION AND ORDER

Plaintiff Dirk Williamson filed this action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA") seeking unpaid overtime allegedly owed to him for his work as a canine supervisor with the Licking County Sheriff's Office. This matter currently is before the Court on Plaintiff's motion for leave to amend the complaint for a second time to name as Defendants Licking County, Ohio Board of County Commissioners; Randy Thorp, Licking County Sheriff in his Official Capacity; and Jerrod Day in his Official Capacity in place of current Defendant Licking County, Ohio. (ECF No. 32.) Licking County, Ohio has filed a Response and Plaintiff has filed a Reply. (ECF Nos. 34, 35.) For the following reasons, the motion to amend is **GRANTED**.

**I.**

Some background is in order. Plaintiff's initial Complaint named the Licking County Sheriff's Office as the lone defendant and the Sheriff's Office moved to dismiss. (ECF Nos. 1, 8.) In response, Plaintiff amended his Complaint to name only Licking County, Ohio as the

1

Defendant, rendering that motion to dismiss moot. (ECF No. 10.) Licking County, Ohio then moved to dismiss the First Amended Complaint, asserting both the failure of service and that it is not *sui juris* and therefore lacks the capacity to sue or be sued in this matter. (ECF No. 13.) In response to the second motion seeking dismissal, Plaintiff conceded the grounds for dismissal and sought leave to "substitute" the Licking County Board of Commissioners; Randy Thorp, the Licking County Sheriff in his official capacity; and his former supervisor Jerrod Day, in his official capacity, as defendants in place of Licking County via a proposed Second Amended Complaint. (ECF No. 19.) Licking County contended that Plaintiff's attempt at amendment failed to comply with S.D. Ohio Civ.R. 7.2 because it was not accompanied by an appropriate memorandum in support. (ECF No. 22.) The presiding District Judge agreed that Plaintiff had failed to engage in any substantive analysis, denied his motion to amend without prejudice, and directed him to file a properly supported motion for leave to amend. (ECF No. 25.) On February 17, 2022, Plaintiff filed his current motion for leave to amend as directed. (ECF No. 32.)

## II.

Pursuant to Federal Rule of Civil Procedure 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). As the United States Court of Appeals for the Sixth Circuit has noted, Rule 15(a) supports the principle of trying cases on their merits, rather than on technicalities, and thus "assumes 'a liberal policy of permitting amendments.' " *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 937 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) and *Ellison v. Ford Motor Co.*, 847 F.2d 297, 300 (6th Cir. 1988)).

Courts consider several factors in determining whether a party should be permitted leave to amend a pleading, including "undue delay in filing, lack of notice to opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment." *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008) (citing *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001) ). In addition, when considering the issue of prejudice, a court must ask whether allowing amendment would "require the opponent to expend significant additional resources to conduct discovery or prepare for trial" or cause considerable delay in resolving the dispute. *Phelps v. McClennan*, 30 F.3d 658, 662–63 (6th Cir. 1994).

### III.

Having considered these factors, the Court concludes justice requires that Plaintiff be permitted leave to amend. Defendant's opposition to amendment centers on futility. According to Defendant, Plaintiff's intention to substitute multiple parties for one party complicates any required relation back analysis such that the intended amendment should be deemed futile. Defendant further contends, on the issue of relation back, that Plaintiff has not satisfied Rule 15(c)(1)(C)'s notice requirement. Defendant also asserts that Plaintiff's allegedly "scant" factual allegations regarding the identity of his employer within the meaning of the FLSA would not allow the Second Amended Complaint to survive a motion to dismiss.

Because "denying a motion for leave to amend on grounds that the proposed new claim is legally insufficient is, at least indirectly, a ruling on the merits of that claim," this Court has recognized the "conceptual difficulty presented" when a Magistrate Judge, who cannot by statute ordinarily rule on a motion to dismiss, is ruling on such a motion. *See, e.g.*, *Durthaler v. Accounts Receivable Mgmt., Inc.*, 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20,

2011) (recognizing the "conceptual difficulty presented"), *and* 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss for failure to state a claim upon which relief can be granted . . . .").

In light of this procedural impediment, the Court concludes that, to the extent Defendant contends that Plaintiff does not sufficiently plead the identity of his employer within the meaning of the FLSA, the better course would be to permit Plaintiff to amend his Complaint with the understanding that the new Defendants will be free to challenge the claims against them through a motion to dismiss. *See Durthaler*, 2011 WL 5008552 at *4 ("[I]t is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss."); *Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Md.*, 715 F. Supp. 578, 581 (S.D.N.Y. 1989) ("The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed.").

Moreover, as raised by Defendant here, the issue of relation back is, in large part, intertwined with the issue of futility. Accordingly, the Court further finds that a similar course delaying the disposition of the relation back issue, in its entirety, is appropriate. *See Wiggins v. Kimberly-Clark Corp.,* No. 3:12-CV-115-PLR-CCS, 2014 WL 1267574, at *3 (E.D. Tenn. Mar. 26, 2014) (whether a pleading relates back may be addressed through disposition of a motion to dismiss); *see also Carlson v. Hardeman Cty., Tennessee*, No. 1:18-CV-01213-STA, 2019 WL 2642425, at *7–8 (W.D. Tenn. June 26, 2019) ((allowing amendment but without prejudice to any party's right to raise the relation back issue, including notice, in a subsequent dispositive motion).

4

For the reasons stated above, Plaintiff's motion for leave to file a Second Amended Complaint (ECF No. 32) is **GRANTED**.  The Clerk is **DIRECTED t**o detach and file the Second Amended Complaint attached to the Motion as Exhibit A.  Plaintiff is **REMINDED** of his obligation to comply with the requirements of Fed. R. Civ. P. 4.

**DATED:  March 16, 2022**                    *s/ Elizabeth A. Preston Deavers*
                                             **ELIZABETH A. PRESTON DEAVERS**
                                             **UNITED STATES MAGISTRATE JUDGE**